IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODIS KEVIN BOWMAN, ) | | |
| ID # 1089575, ) | | |
|     Petitioner, ) | | |
| vs. ) | No. 3:10-CV-0860-M-BH | |
| ) | | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On February 22, 2002, petitioner was convicted by a jury of sexual assault in Cause No. F01-01786-IJ and sentenced to fifty years imprisonment. (Petition (Pet.) at 2). He filed an appeal challenging the trial court's decision not to permit defense counsel to question the victim about her prior sexual history at the punishment phase of the trial. The Eighth District Court of Appeals affirmed petitioner's conviction and punishment in an unpublished opinion on February 24, 2004. *Bowman v. State*, 08-02-00162-CR, 2004 WL 339648 (Tex. App. – El Paso, Aug. 31, 2004, pet. ref'd). Petitioner's petition for discretionary review was denied by the Texas Court of Criminal Appeals on August 31, 2004. *See* PD-0551-04. Petitioner did not file a petition for writ of certiorari

1

with the United States Supreme Court.

On July 31, 2006, petitioner filed his first state application for writ of habeas corpus. (Pet. at 3; *see* www.dallascounty.org, search petitioner's criminal history). On April 2, 2008, the Court of Criminal Appeals denied the application without a written order. (*Id*. at 4). *See Ex parte Bowman*, WR-26,632-03 (Tex. Crim. App. April 2, 2008). Petitioner filed a second state writ application on January 8, 2010, that was dismissed by the Court of Criminal Appeals as an abuse of the writ on March 3, 2010. *See Ex parte Bowman*, WR-26,632-04 (Tex. Crim. App. March 3, 2010). Petitioner mailed his federal petition on March 9, 2010. (Pet. at 9).

## II. STATUTE OF LIMITATIONS

### A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known

through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's PDR was refused on August 31, 2004, so his state conviction became final ninety days later, on November 29, 2004.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (c). As § 2244(d)(1) relates to this case, the one-year statute of limitations is therefore calculated from the later of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Petitioner claims that he did not become aware of the facts supporting an actual innocence claim until July 17, 2009, when he received a letter from the Dallas County Public Defender's Office. (Pet. at 8). As for his remaining claims, however, the supporting facts became known or could have become known to him prior to the date his state judgment of conviction became final. Because petitioner filed his petition more than one year after his conviction became final, a literal

3

application of § 2244(d)(1) renders his March 9, 2010, filing untimely.[1]

B. **Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period for petitioner to file a federal petition concerning his conviction ended in November of 2004. Petitioner did not file his first state writ application until July 31, 2006. Accordingly, his state application did not toll the limitations period. Except for the actual innocence claim, the statutory tolling provision does not save the claims in his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, __ S.Ct. __, 2010 WL 2346549 (U.S. June 14, 2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).

Here, petitioner presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and all claims other than his actual innocence claim are barred by the statute of limitations.

### III. PROCEDURAL BAR

In support of his actual innocence claim, petitioner claims that he received a letter on July 17, 2009, from the Dallas County Public Defender's Office stating that a pap smear from his case had been found to be "DNA Negative." (Pet. at 8). Petitioner also states that he did not raise this issue in his state writs, and it is therefore unexhausted (*Id.*).

Procedural default occurs when a petitioner fails to exhaust all available state remedies *and* the state court to which he would be required to petition would now find that the claim is procedurally defaulted. *Bledsoe v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). If petitioner brought his unexhausted claim in a subsequent state writ of habeas corpus, the Court of Criminal Appeals would consider this claim to be procedurally defaulted under Article 11.07 § 4 of the Texas Code of Criminal Procedure. That section prohibits a claim from being raised in a subsequent habeas application unless: 1) it was not and could not have been raised in the previous application because the factual or legal basis was unavailable at the time; or 2) the claim contains sufficient facts establishing by a preponderance of the evidence that but for a violation of the United States

Constitution, no rational juror would have found petitioner guilty beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art 11.07 § 4(a) (Vernon 2007). First, because petitioner became aware of the facts underlying this claim in July of 2009, he has not shown that it could not have been raised in his January 8, 2010 state writ. Second, while he claims that this information is evidence of actual innocence, the state appellate court's direct appeal opinion recounts the evidence that was presented at trial. Petitioner was charged with aggravated sexual assault and was convicted of the lesser-included offense of sexual assault of a fourteen-year-old girl. At the guilt phase of the trial, petitioner testified on his own behalf and acknowledged that he had sex with the girl. He contended that the sex was consensual, and that he was not guilty of sexual assault because the victim had sex with him, but he did not consciously have sex with her. *Bowman*, slip op. at 1. Because petitioner acknowledged under oath at trial that he had sex with the victim, the lack of DNA material from the victim's physical examination is not evidence of petitioner's actual innocence. He has not shown that had this information been known by the jurors, no rational juror would have found him guilty of sexual assault.

Petitioner is procedurally barred from raising this claim in a federal petition for writ of habeas corpus unless he can establish either cause and prejudice for the failure to raise this unexhausted claim at the state level or that the failure to consider the claim on its merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722 (1991); *Jones v. Johnson*, 171 F.3d 270, 277 (5th Cir. 1999). Petitioner has failed to allege either. Accordingly, his unexhausted actual innocence claim is procedurally barred.[2]

---

[2] Even if petitioner had actually raised this claim in his second state writ, it was dismissed by the Court of Criminal Appeals under Article 11.07 § 4(a). *See Ex parte Bowman*, WR-26,632-04 (Tex. Crim. App. March 3, 2010). Because he has failed to allege or prove either cause and prejudice for this procedural dismissal or a fundamental miscarriage of justice if this claim is not considered on its merits, he is procedurally barred from raising it at the federal level.

## IV. RECOMMENDATION

The Court should find the petition for habeas corpus relief both barred by the statute of limitations and procedurally barred and **DENY** it with prejudice.

**SO RECOMMENDED** on this 10th day of August, 2010.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE